UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTONIA HARRIS,  :
MARY WALTERS, and MICHAEL  :
POLLARD,  :
    Plaintiffs,  :
      :
v.  :
      : No. 3:06CV352 (WWE)
STEVEN WYDRA,  :
    Defendant.  :

## RULING ON MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs Antonia Harris, Mary Walters, and Michael Pollard filed the instant action alleging violation of their constitutional rights by Milford Police Sergeant Steven Wydra. A ruling dated December 28, 2007 granted summary judgment on all of the claims against Wydra.

In accordance with this Court's instructions, plaintiffs moved to amend their complaint upon issuance of the decision on summary judgment. Specifically, plaintiffs proposed complaint alleges claims based on constitutional violations by six other police officers. The opposition asserts that plaintiff's motion to amend should be denied on the grounds of futility, lack of diligence and prejudice.

A "party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave to amend a complaint shall be freely given when justice so requires, and if the plaintiff has at least colorable grounds for relief, justice does so require unless plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party. S.S.

1

Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., Inc., 608 F.2d 28, 42 (2d Cir. 1979). Lack of diligence, futility and prejudice are among the good reasons to deny leave to amend. Chill v. Gen. Elec. Co., 101 F.3d 263, 271 (2d Cir. 1996).

Plaintiffs seek to add claims against six officers who were involved with the events described in the original complaint. Specifically, plaintiff moves to file claims against (1) Detective F. Gall, who was involved with Pollard's arrest; (2) Detective Dumas, who obtained Pollard's employment application from Milford Hospital; (3) Captain Edson, who supervised the stop of Harris; (4) Sergeant Della Monica, who was involved in the stop of Harris; (5) Officer Dunaj, who was involved with the identification of Pollard as a suspect and in the stop of Harris; and (6) Officer McCormack, who was involved with the identification of Pollard as a suspect.

The Court assumes familiarity and incorporates herein the factual background described in the ruling on summary judgment. The defense that plaintiff's claims are futile relies upon this Court's ruling (1) that plaintiff Pollard was arrested with probable cause and that Officer Wydra was shielded by qualified immunity on any claim of unreasonableness as to the manner of securing Pollard's arrest; (2) that Wydra was shielded by qualified immunity related to the stop of plaintiff Harris because at least arguable reasonable suspicion existed; (3) that no Fourth Amendment seizure of plaintiff Walters occurred or that Wydra was entitled to qualified immunity since reasonable police officers could disagree as to whether a seizure occurred; and (4) that no substantive due process violation of Pollard's rights occurred.

As to Detective Gall, plaintiff's proposed complaint has not alleged facts that

would give rise to a finding of an unreasonable arrest of Polllard or denial of qualified immunity. In light of this Court's ruling that plaintiff's arrest was reasonable and that Wydra was entitled to qualified immunity according to the undisputed facts, a claim against Gall would be shielded by qualified immunity. Accordingly, the Court will not allow an amendment as to Gall.

Plaintiff's motion to add Captain Edson, Sergeant Della Monica and Officer Dunaj will also be denied. This Court held that at least arguable reasonable suspicion to stop Harris existed and that the duration of the stop was not objectively unreasonable. The proposed complaint contains no facts that stand in contradistinction to this holding. Accordingly, Captain Edson, Sergeant Della Monica and Officer Dunaj would be entitled to qualified immunity.

Claims against Detective Dumas and Officer Dunaj based on their conduct in the events leading to the arrest of Pollard are also foreclosed by this Court's ruling on summary judgment. Plaintiff asserts that Dumas and Dunaj had information that Pollard did not fit the description of the suspect prior to the arrest of Pollard and stop of Harris. Specifically, plaintiffs claim that Dumas and Dunaj had obtained Pollard's employment application from Milford Hospital, that Dunaj had the security photograph of the robber at the People's Bank, and that Dunaj was informed by Security Officer Jersey that the individual at Milford Hospital (Pollard) wore an earring while the individual in the security photograph did not appear to wear an earring. In its prior ruling, this Court noted that the quality of the security photograph had been described as "terrible," and that the discrepancy between Pollard's actual age and the description of the suspect as a 20- to 23-year old male did not present plainly exculpatory evidence

3

to defeat the finding of probable cause to detain Pollard. The information alleged by the proposed complaint as known by Dumas and Dunaj does not undermine the finding of probable cause to detain Pollard.

However, the Court will allow plaintiff to assert a claim against Officer McCormack, who allegedly instructed Security Officer Jersey to write that the male in the security photograph was the same individual who had completed an employment application at the hospital (Pollard). The Court's ruling on summary judgment considered only the information known to Officer Wydra at the time of Pollard's arrest. The Court noted that Officer Wydra knew of no circumstances to doubt the veracity of Security Officer Jersey's statement. However, the Court has not assessed the facts concerning Officer McComack's alleged manipulation of an eye witness account and whether such conduct is entitled to qualified immunity.

Further, the addition of one new defendant will not require burdensome discovery and motion practice. Accordingly, the Court will grant the motion to amend only as to Officer McCormack.

4

Conclusion

For the foregoing reasons, the motion to amend [doc. #45] is GRANTED in part. Within 10 days of this ruling, plaintiffs are instructed to file the amended complaint alleging their complaint against Officer McCormack. The motion to amend is DENIED as to its request to add Detective Gall, Detective Dumas, Captain Edson, Sergeant Della Monica, and Officer Dunaj.

DATED this _14__th day of May, 2008, at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE